78,184-02

April 28th, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 3 0 2015

Abel Acosta, Clerk

Court of Criminal Appeals
for the State of Texas
201 W. 14th St., Rm #106
Austin, Texas 78711-2308

MOTION DENIED
DATE: 6-9-15
BY: R.C.

Re: Ex parte John Edward Morris; Motion for Evidentiary Hearing;
WR-78,184-02; Tr.Ct.No. CR 2004-283-1; CMRR #7013 2630 0000 0232 2669.

To the Hon. Abel Acosta, Clerk,

By receipt please find enclosed the following: a copy of this
correspondence, attached to a SASE (1p); Motion for Evidentiary
Hearing (7pp); and, Appenidx C (Exhibits #1-#8)(28pp).

Please bring the Motion for Evidentiary Hearing to the atten-
tion of the Court, so that it may consider such and rule accord-
ingly; as the application is currently pending.

Please file-mark the enclosed copy of this correspondence,
and return the copy in the enclosed SASE.

I truely appreciate your consideration in this matter.

Sincerely,

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

Enclosure:

Copy of Correspondence (1p), and SASE;

Motion for Evidentiary Hearing (7pp); and,

Appendix C (Exhibits #1-#8)(28pp).

CORRESP
JM/CCA

pg 1 of 1

April 28th, 2015


Court of Criminal Appeals
for the State of Texas
201 W. 14th St., Rm #106
Austin, Texas 78711-2308


Re:  Ex parte John Edward Morris; Motion for Evidentiary Hearing;
     WR-78,184-02; Tr.Ct.No. CR 2004-283-1; CMRR #7013 2630 0000 0232 2669.


To the Hon. Abel Acosta, Clerk,

     By receipt please find enclosed the following: a copy of this
correspondence, attached to a SASE (1p); Motion for Evidentiary
Hearing (7pp); and, Appendix C (Exhibits #1-#8)(28pp).

     Please bring the Motion for Evidentiary Hearing to the atten-
tion of the Court, so that it may consider such and rule accord-
ingly; as the application is currently pending.

     Please file-mark the enclosed copy of this correspondence,
and return the copy in the enclosed SASE.

     I truly appreciate your consideration in this matter.

                         Sincerely,

                         John Edward Morris, #1431218
                         Applicant pro se,
                         TDCJ-ID, Ramsey Unit, 8-2-16B
                         1100 FM 655
                         Rosharon, Texas 77583-7670


Enclosure:

     Copy of Correspondence (1p), and SASE;

     Motion for Evidentiary Hearing (7pp); and,

     Appendix C (Exhibits #1-#8)(28pp).


CORRESP
J1/CCA                         pg 1 of 1

WR-78,184-02

TRIAL COURT NO. CR 2004-283-1

EX PARTE JOHN EDWARD MORRIS § COURT OF CRIMINAL APPEALS

§ FOR THE STATE OF TEXAS

§ AUSTIN, TEXAS

## MOTION FOR AN EVIDENTIARY HEARING

TO THE HONORABLE JUDGES OF THIS COURT:

COMES NOW, John Edward Morris, Applicant pro se in the above-captioned application for the writ of habeas corpus and hereby requests that the Court issue instructions or orders as may be appropriate for the trial court to afford Applicant an evidentiary hearing and in support of this request would show the following:[1]

## Question Before The Court

Applicant stated fully and with particularity the facts upon which relief was sought and included copies of available documentary evidence supporting the claim but were the merits of the factual dispute properly resolved.

## Summary Of The Arguement

The trial court clerk's inability to properly receive, file, and forward all of the exhibits to the attorney representing the

---

[1] The Court of Criminal Appeals "is not bound by the trial court's findings and conclusions of law." See, e.g., Ex parte Adams, 768 S.W. 2d 281, 288 (Tex.Crim.App.1989). In this matter, the trial court executed a boilerplate order denying Applicant relief. See Appendix C (App.C) at 21 (order to deny application)(1p).

State had a prejudicial effect on the State's ability to answer the application, and detrimentally impacted Applicant's procedural right to a full and fair hearing.

## Arguement

**I. The writ application was received by the convicting court**

**A. The application was filed for the record**

**1. Two appendices of exhibits were attached**

In addition to the application form, the clerk for the 22nd Judicial District, Comal County, filed Appendices A and B, which comprised two hundred and ninety-eight pages of exhibits, for the record. See App.C at 3 (correspondence)(2pp).

**2. Applicant requested the number assigned to the writ**

Due to problems in the past, with filing motions in Comal County, Applicant requested that the Court of Criminal Appeals provide "a notice upon receipt of the writ application." See App.C at 5 (correspondence)(4pp).

**II. The State's factual determination conflicted with credible evidence attached to the application**

**A. The State filed its response with the trial court**

**1. The response was forwarded to Applicant**

The attorney representing the State revealed to Applicant, that Appendix A, "pages 66 to 113 [we]re omitted." See App.C at 12; and 15 (correspondence)(6pp).

* * * * *

B.     Applicant filed a reply to the response

   1. Each of the State's allegations were addressed

Within the reply,  to the State's response--denying relief, Applicant directed attention to the issue of the missing exhibits, and requested that the clerk "bring the [r]eply to the attention of the court." See App.C at 17 (correspondence)(6pp).

C.     Applicant restored the missing exhibits

   1. The motion to restore was timely filed

On January 5, 2015, Applicant restored fourty-seven pages of missing exhibits, and requested that "the complete Appendix A" be brought to "the attention of th[e] Court and the Assistant District Attorney." See App.C at 10 (correspondence)(1p).

III.  The fact-finding method used by the State was fundamentally unfair to Applicant

A.     A motion to recuse the trial court judge was attached to the writ application form

   1. A brief hearing was held

On January 20, 2015, a hearing was held on Applicant's motion "to recuse  the Hon. Gary L. Steel," (Judge Steel) from presiding over any proceeding connected to the writ application.  See App.C at 7 (correspondence)(4pp).

   2. The State interjected the issue of Applicant's competency to stand trial, during the recusal hearing

Attached to the writ application was a "motion for judicial notice"  of twenty-five pages of specific credible evidence which showed that Applicant was under the influence of a combination of

powerful psychotropics during the plea and sentencing process. See App.C at 2-3 (correspondence)(2pp); and 7-8 (correspondence)(4pp).

**B.    The motion to recuse was denied**

**1. No ruling was entered on the motion for judicial notice**

The judge assigned to hear the motion to recuse found there was insufficient evidence of judicial impartiality on the part of Judge Steel; the motion to recuse was denied, and the MHMR medical records were not introduced into evidence.

**C.    The writ application was denied**

**1. Judge Steel determined there were no previously unresolved facts that would warrant habeas relief**

On January 21, 2015, a day after the recusal hearing, Judge Steel entered an order, wherein it was stated that "no hearing [was] conducted." See App.C at 21 (order to deny application)(1p).

**2. The clerk failed to forward the order to Applicant**

The order expressly directed the clerk "to mail a copy of the order" to Applicant, however, it was not until February 18, 2015, that an individual acting on Applicant's behalf was able to secure and forward a copy of the order.

**3. The clerk failed to timely transmit the application**

On January 14, 2015, the Court of Criminal Appeals notified Applicant "there is nothing pending" and returned correspondence now labled as Exhibit #2. See App.C at 19 (correspondence)(1p). Over a month passed before the Court received the application. See App.C at 25 (official notice)(1p). Curiously, a letter was sent stating, there was no "writ of habeas corpus filed" the day the

application was received. See App.C at 23 (correspondence)(1p). It was two weeks before that notice was sent to Applicant.

## Reason To Grant The Motion

There can be no doubt that the State's response and the trial court's findings would have been different, if fourty-seven pages of exhibits had not been missing. Yet, accessing fault is not the issue before the Court. At issue is the Court's ability to order an appropriate and timely hearing, in which Applicant can develop the substantive habeas corpus claims, a right that is guaranteed by Article One, § Twelve of the Texas Constitution. And diligence requires Applicant to assert this right.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant pro se prays this Honorable Court issue instructions or orders as may be appropriate to the trial court so that an evidentiary hearing may be held.

Date: *April 28th, 2015*

Respectfully Submitted,

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

\*  \*  \*  \*  \*

## Unsworn Declaration

I John Edward Morris, Applicant pro se, hereby state the following in support of this motion:

1) This motion cites supporting documents that have been labled as exhibits, these exhibits are attached in Appendix C.

2) Appendix C contains an Unsworn Declaration wherein Applicant declares the exhibits are copies of the original documents.

3) This motion was prepared at the first available opportunity that the conditions of Applicant's confinement have allowed.

4) This motion has not been submitted in order to prejudice the State, nor has it been offered in an attempt to consume precious judicial resources.

5) Being presently incarcerated in the TDCJ-ID Ramsey Unit, in Brazoria County, I hereby declare under penalty of perjury that the foregoing statements are true and correct.[2]

Executed on this _28th_ day of _April_, 2015.

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

---

[2] See Bahm v. State, 219 S.W. 3d 391, 395 (Tex.Crim.App.2007)(the only phrase that the legislature 'mandates' should be included in such declarations is "under penalty of perjury"). see also Tex.R. App.P. 73.1(d)(verification).

## Certificate Of Service

I hereby certify that a true and correct copy of the foregoing motion for an evidentiary hearing has been delivered, via the Ramsey Unit Mailroom, U.S. Mail, certified  #7013 2630 0000 0232 2669, return-receipt requested, on this 28<u>th</u> day of _April_____, 2015, to the following:

Court of Criminal Appeals
for the State of Texas
P.O. Box 12308
201 W. 14th St., Rm. #106
Austin, Texas 78711-2308

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

\* \* \* \* \*

WR-78,184-02

TRIAL COURT NO. CR 2004-283-1

APPENDIX C

IN THE COURT OF

CRIMINAL APPEALS FOR THE STATE OF TEXAS

AUSTIN, TEXAS

---

EX PARTE JOHN EDWARD MORRIS

---

APPLICATION FOR WRIT OF HABEAS CORPUS

FROM THE 274th DISTRICT COURT

COMAL COUNTY, TEXAS

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

WR-78,184-02

TRIAL COURT NO. CR 2004-283-1

APPENDIX C

IN THE COURT OF

CRIMINAL APPEALS FOR THE STATE OF TEXAS

AUSTIN, TEXAS

---

EX PARTE JOHN EDWARD MORRIS

---

APPLICATION FOR WRIT OF HABEAS CORPUS

FROM THE 274th DISTRICT COURT

COMAL COUNTY, TEXAS

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

WR-78,184-02

TRIAL COURT NO. CR 2004-283-1


APPENDIX C



IN THE COURT OF

CRIMINAL APPEALS FOR THE STATE OF TEXAS

AUSTIN, TEXAS

---

EX PARTE JOHN EDWARD MORRIS

---

APPLICATION FOR WRIT OF HABEAS CORPUS

FROM THE 274th DISTRICT COURT

COMAL COUNTY, TEXAS


John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Ramsey Unit, 8-2-16B
1100 FM 655
Rosharon, Texas 77583-7670

## UNSWORN DECLARATION

I John Edward Morris, #1431218 being presently incarcerated in the TDCJ-ID Ramsey Unit, in Brazoria County, Texas, hereby declare 'under penalty of perjury' that I am personally acquainted with the original documants in this matter and the following are duplicates of the originals, indexed and paginated accordingly, in Appendix C.[1]

Executed on this 28th day of April                , 2015.

John Edward Morris, #1431218

Applicant pro se,

TDCJ-ID, Ramsey Unit, 8-2-16B

1100 FM 655

Rosharon, Texas 77583-7670

---

[1] See Tex.R.App.P. 52.7 (a)(1)(2), and 73.1(d)(2).

## APPENDIX C

Exhibit #                                                          Page #

1)    Correspondence: J.Morris/Court of Crim.App.;
      Re: Tr.Ct.No. CR 2004-283-1 (12/03/15); 2pp.   .   .   01-03

2)    Correspondence: J.Morris/Court of Crim.App.;
      Re: Tr.Ct.No. CR 2004-283-1 (01/02/15); 4pp.   .   .   04-08

3)    Correspondence: J.Morris/Clerk 22nd Jud.Dist.;
      Re: Tr.Ct.No. CR 2004-283-1 (01/05/15); 1p.    .   .   09-10

4)    Correspondence: J.Morris/Court of Crim.App.;
      Re: Tr.Ct.No. CR 2004-283-1 (01/14/15); 6pp.   .   .   11-17

5)    Correspondence: Court of Crim.App./J.Morris;
      Re: Tr.Ct.No. CR 2004-283-1 (01/14/15); 1p.    .   .   18-19

6)    Order: To Deny Application;
      Re: Tr.Ct.No. CR 2004-283-1 (01/21/15); 1p.    .   .   20-21

7)    Correspondence: Court of Crim.App./J.Morris;
      Re: Tr.Ct.No. CR 2004-283-1 (02/26/15); 1p.    .   .   22-23

8)    Official Notice: Court of Crim.App./J.Morris;
      Re: Tr.Ct.No. CR 2004-283-1; WR-78,184-02
      (02/26/15); 1p.   .   .   .   .   .   .   .   .   .   24-25

\*   \*   \*   \*   \*

**END**

EXHIBIT #1

CORRESPONDENCE:

J.MORRIS/COURT OF CRIM.APP.(2pp)

TR.CT.NO. CR 2004-283-1 (12/03/15)

December 1st, 2014



Court of Criminal Appeals
for the State of Texas
201 W. 14th St., Rm. #106
Austin, Texas 78711-2308

Re:   Ex parte John Edward Morris; application for writ of habeas
      corpus; Trial Court No. CR 2004-283.

To the Hon. Louise Pearson, Clerk,

    By receipt please find enclosed: the application for writ of
habeas corpus; unsworn financial declaration; motion to recuse the
Hon. Gary L. Steel;  motion for leave to exceed the word and page
limitations imposed by Tex.R.App.P. 73.1(d); memorandum in support
of the writ application; proposed designation of issues; motion for
introduction  and admission of supporting exhibits into evidence;
motion for judicial notice;  request for court appointed counsel;
motion for bench warrant; Appendix A; and, Appendix B.

    Please file-mark and return the enclosed copy of this corres-
pondence, in the attached SASE, as well as a copy of any findings
filed by the trial court;  and the date upon which those findings
were made.

    Regaurdless of the findings  and conclusions of the hearing
judge, I would appreciate your consideration in bringing the writ
application  to the attention of the Court;  as there are several
issues that should have been preserved for appellate review, that
involve Articles 26.13(a)(2), 44.01(e), and 46B.004 of the Code of
Criminal Procedure.

    I truly appreciate any and all assistance that you and your
staff can provide in this matter.
CORRESP
JM/CCA                            pg 1 of 2

2

December 1st, 2014

Re:  Ex parte John Edward Morris; application for writ of habeas corpus; Trial Court No CR 2004-283.

Sincerely,

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Wynne Unit, 10 D-42
810 FM 2821
Huntsville, Texas 77349-0001

Enclosures:
        writ application form (24pp.);
        unsworn declaration (3pp.);
        motion to recuse (13pp.);
        motion for leave (6pp.);
        memorandum in support (131pp.);
        proposed designation of issues (13pp.);
        motion for admission of exhibits (7pp.);
        motion for judicial notice (8pp.)(Attachment A)(25pp.);
        request for court appointed counsel (4pp.);
        motion for bench warrant (3pp.);
        Appendix A (160pp.); and,
        Appendix B (138pp.).

3

EXHIBIT #2

CORRESPONDENCE:

J.MORRIS/COURT OF CRIM.APP.(4pp)

TR.CT.NO. CR 2004-283-1 (01/02/15)

4

December 22nd, 2014

Court of Criminal Appeals
for the State of Texas
P.O. Box 12308,
Austin, Texas 78711-2308



RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN ?? 2015

Abel Acosta, Clerk

Re:    WR-78,184-01; and, Ex parte John Edward Morris; application
       for writ of habeas corpus; Trial Court No. CR 2004-283.

To the Hon. Louise Pearson, Clerk,

In 2012, I filed a motion for leave and petition for writ of mandamus (WR-78,184-01) which was denied without written order; implying that a remedy existed via application for habeas corpus.

On December 3, 2014, I filed an application for writ of habeas corpus with the Clerk for the 22nd Judicial District, Comal County, Texas (see enclosed conformed copy).

My purpose in writing you is twofold: (1) I would genuinely appreciate if your office was able to provide me with the WR No. which has been assigned to the above-application; and (2) the notation "FILED FOR RECORD" on the enclosure gives rise to several concerns: (A) the application was never filed and forwarded to the state; (B) the trial court is not going to review the writ application; moreover, (C) the clerk is not going to transmit all the motions which were submitted in conjunction with the writ application to your office. In short, will your office provide me with a notice upon receipt of the writ application.

I look forward to your response.

Sincerely,

pg 1 of 2

CORRESP
JM/CCA

5

December 22nd, 2014

Re:   WR-78,184-01; and, Ex parte John Edward Morris; application
      for writ of habeas corpus; Trial Court No. CR 2004-283.


                                    John Edward Morris, #1431218
                                    Applicant pro se,
                                    TDCJ-ID, Wynne Unit,
                                    810 FM 2821
                                    Huntsville, Texas 77349-0001

Enclosure:
      Correspondence; JM/Clerk 22nd Judicial Distirct
      (conformed copy)(2pp.).

6

December 1st, 2014

(CONFORMED COPY)

FILED FOR RECORD
2014 DEC-3   AM 12:57
KATHY H. FAULKNER
DISTRICT CLERK-COMAL COUNTY
BY _____

Clerk of the Court,
22nd Judicial District,
Courthouse Annex, Rm. #304
New Braunfels, Texas 78130

Re:   Ex parte John Edward Morris; application for writ of habeas corpus; Cause No. CR 2004-283; CMRRR #7012 2210 0001 9301 2869.

Clerk,

By receipt please find enclosed the following: correspondence addressed to the Court of Criminal Appeals; the writ application form; an unsworn financial declaration; motion to recuse the Hon. Gary L. Steel; motion for leave to exceed the word and page limitations imposed by Tex.R.App.P. 73.1(d); memorandum in support of the writ application; proposed designation of issues; motion for introduction and admission of supporting exhibits into evidence; motion for judicial notice; request for court appointed counsel; motion for bench warrant; Appendix A; and, Appendix B.

Article 11.07 places several duties upon the clerk of the convicting court.[1] Rule 18a, Tex.Rules Civ.Proc., likewise, places several duties upon the clerk. In addition to these duties, I ask for your consideration in file-marking the enclosed copy of this

---

[1] Tex.Code Crim.Proc. art. 11.07, § 3(b) requires the clerk to assign a file number and forward the application to the attorney representing the state. Sec. 3, subsec. d, requires the clerk to transmit under one cover, the application, attachments, and any motions filed with your office, to the Court of Criminal Appeals.

CORRES
JM/CLERK                          pg 1 of 2

7

December 1st, 2014

Re:   Ex parte John Edward Morris; application for writ of habeas corpus; Cause No. CR 2004-283; CMRRR #7012 2210 0001 9301 2869.


correspondence, to include a notation of the WR No. assigned to this case, and return that copy to me in the enclosed SASE.

I have not filed the attachments, or any of the motions, in an attempt to place an additional burden on your office. And I truly appreciate any additional assistance that you or your staff can provide in this matter.

Sincerely,

John Edward Morris, #1431218
Applicant pro se,
TDCJ-ID, Wynne Unit, 10 D-42
810 FM 2821
Huntsville, Texas 77349-0001


Enclosures:
   Correspondence addressed to the Court of Criminal Appeals;
   writ application form (24pp.);
   unsworn financial declaration (3pp.);
   motion to recuse (13pp.);
   motion for leave (6pp.); and Memorandum in support (131pp.);
   proposed designation of issues (13pp.);
   motion for admission of exhibits (7pp.);
   motion for judicial notice (8pp.)(Attachment A)(25pp.);
   request for court appointed counsel (4pp.);
   motion for bench warrant (3pp.);
   Appendix A (160pp.); and,
   Appendix B 138pp.).


CORRESP
JM/CLERK                    pg 2 of 2

8

EXHIBIT #3

CORRESPONDENCE:

J.MORRIS/CLERK 22nd JUD.DIST.(1p)

TR.CT.NO. CR 2004-283-1 (01/05/15)

9

January 5, 2015

Clerk of the Court,
22nd Judicial District,
Courthouse Annex, Rm. #304
105 N. Seguin St.
New Braunfels, Texas 78130

Re:   Ex parte John Edward Morris; application for writ of habeas
      corpus; Cause No. CR 2004-283; Motion to Restore Exhibits in
      Appendix A.

To the Hon. Kathy H. Faulkner, Clerk,

        By receipt please find enclosed the following: a copy of this
correspondence, attached to a SASE (1p); Motion to Restore Exhibits
In Appendix A (5pp);  and, Attachment A (Appendix A; Exhibits #12
through #22; pages 66-113)(47pp).

        Please  file the attached exhibits,  and make a notation in
the record  to reflect the restoration of the missing exhibits in
Appendix A, and bring the complete Appendix A to the attention of
this Court and the Assistant District Attorney.

        Please file-mark the enclosed copy  of this correspondence,
and return the copy to me in the enclosed SASE.

        I truly appreciate your consideration in this matter.

                            Sincerely,

                                        John Edward Morris, #1431218
                                        Applicant pro se,
                                        TDCJ-ID, Wynne Unit, B4-1-04
                                        810 FM 2821
                                        Huntsville, Texas 77349-0001

Enclosure:

        Copy of correspondence (1p), and SASE;

        Motion to Restore Exhibits (5pp); and,

        Attachment A (Exhibits #12-#22)(47pp).

CC:

        Hon. Louise Pearson, Clerk,
        Court of Criminal Appeals

CORRESP
JM/CLERK                        pg 1  of 1

10

EXHIBIT #4

CORRESPONDENCE:

J.MORRIS/COURT OF CRIM.APP.(6pp)

TR.CT.NO. CR 2004-283-1 (01/14/15)

11

December 29th, 2014



RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 1 2015

Abel Acosta, Clerk

Court of Criminal Appeals
for the State of Texas
P.O.Box 12308
Austin, Texas 78711-2308

Re:   Ex parte John Edward Morris; application for writ of habeas
      corpus; Trial Court No. CR 2004-283; missing exhibits and
      Reply to the State's response (CM# 7013 1710 0000 4064 1690)
      (Attachment A and B).

To the Hon. Louise Pearson, Clerk,

        On December 22, 2014, I placed correspondence addressed to
you in the Wynne Unit's mail system (12/22 corresp.). Enclosed was
a conformed copy (12/22 enclosure)(2pp) showing that the applica-
tion was filed by the District Clerk for Comal County, on December
3, 2014, and the attachments comprised--among other things--Appen-
dix A (160pp) and Appendix B (138pp).

        In the 12/22 corresp. I addressed several concerns: chiefly
the ongoing problem of the Comal County Clerk to properly receive,
file, and forward documents to the Court. See, e.g., Attachment A
(conformed copy of the State's Response at 7 X1-11) attached. The
State has indicated that Appendix A "pages 66-113 are omitted."

        In anticipation of this possibility, I have prepared a motion
to restore the missing exhibits. And will notify your office when
the exhibits are filed with the Comal County Clerk.

        I have filed  a Reply to the State's Response.  See Attach-
ment B (conformed copy of correspondence addressed to the Comal
County Clerk)(1p)(CC: Hon. Louise Pearson).

CORRESP
JM/CCA                          pg 1 of 2                        12

December 29th, 2014

Re:   Ex parte John Edward Morris; application for writ of habeas
      corpus;   Trial Court No. CR 2004-283;   missing exhibits and
      Reply to the State's Response (CM# 7013 1710 0000 4064 1690)
      (Attachment A and B).

      I hope that this Court will reject the State's arguement, in
the Response,  as well as address the violation  of a ministerial
duty by the Comal Couty Clerk.

      I look forward to your reply in this matter.

                              Sincerely,

                              John Edward Morris, #1431218
                              Applicant pro se,
                              TDCJ-ID, Wynne Unit, B4-1-04
                              810 FM 2821
                              Huntsville, Texas 77349-0001

Enclosure:

      Attachment A
      Conformed copy of the State's Response at 7 (1p)(1-11)
      (Filed For Record)(12/18/14)

      Attachment B
      Conformed copy of correspondence (1p)
      (Dated 12/29/14)

CORRESP
JM/CCA                      pg 2 of 2

<span>13</span>

ATTACHMENT A

CONFORMED COPY OF THE STATE'S RESPONSE AT 7 (1p)(1-11)

(FILED FOR RECORD)(12/18/14)

14

(CONFORMED COPY)
FILED FOR RECORD
14 DEC 18 PM 1:04
KATHY H. FAULKNER
DISTRICT CLERK-COMAL COUNTY
BY CLD

### III. The Record Does Not Support Applicant's Claims

At the outset, much of the Application references pages in his Appendix A Which Applicant has omitted from the copy of Appendix A on file with the Clerk. See, e.g., Memorandum at 11 (referencing page 91 of Appendix A, though pages 66 to 113 are omitted); Application at 6 (likewise referencing omitted alleged Medical records). Ground two of the Application claims the plea was induced by a punishment recommendation the State breached. Applicant's claim was raised and addressed already in a writ of mandamus file with the Court of Appeals. See In re Morris, 03-11-00692-CV, 2011 WL 6938504, at *1 (Tex.App.--Austin Dec. 29, 2011, no pet.)(mem.op., not designated for publication)(where Applicant sought specific performance of an alleged term of his plea agreement). The Court, reviewing the written plea agreement and the record of the plea proceedings, noted, that the trial court had:

> clearly explained--and made sure that [Applicant] understood-- that the plea bargain was not binding on Colorado because the trial court did not have authority to bind Colorado authorities. [Applicant] stated that he understood. There was no mention in open court at the time of the plea of [Applicant's] serving his Texas sentence in Colorado, although the plea paperwork stated that the State did not object to [Applicant] serving his time in Colorado.

Id. at *3 (emphasis added). The Court repeatedly observed that Applicant indicated his understanding several times in the plea hearing before the trial court. Id. at 3, *4. The Court rejected Applicant's arguement that there was an "implied promise"

7

*15*

ATTACHMENT B

CONFORMED COPY OF CORRESPONDENCE (1p)

(DATED 12/29/14)

16

December 29th, 2014



Clerk of the Court,
22nd Judicial District,
Courthouse Annex, Rm. #304
105 N. Seguin St.
New Braunfels, Texas 78130

Re:    Ex parte John Edward Morris; application for writ of habeas
       corpus; Cause No. CR 2004-283; Reply to the State's Response
       in opposition to habeas relief (CM# 7013 1710 0000 4064 1590).

To the Hon. Kathy H. Faulkner, Clerk,

        By receipt please find enclosed the following: a copy of this
correspondence, attached to a SASE (1p); and a Reply to the State's
Response (9pp), with Attachment (correspondence)(2pp).

        Please file-mark the enclosed copy of this correspondence,
and return the copy to me in the enclosed SASE.

        Please bring the Reply to the attention of the Court, and
the Assistant District Attorney, so that it may be properly consi-
dered. I truly appreciate any additional assistance that you may
provide in this matter.

                            Sincerely,

                            John Edward Morris, #1431218
                            Applicant pro se,
                            TDCJ-ID, Wynne Unit, B4-1-04
                            810 FM 2821
                            Huntsville, Texas 77349-0001

Enclosures:

        Copy of correspondence (1p), and SASE;

        Reply to the State's Response (9pp); and,

        Attachment (correspondence)(2pp).

CC:

        Hon. Louise Pearson, Clerk,
        Court of Criminal Appeals

CORRESP
JM/CLERK                        pg 1 of 1

/7

EXHIBIT #5

CORRESPONDENCE:

COURT OF CRIM.APP./J.MORRIS (1p)

TR.CT.NO. CR 2004-283-1 (01/14/15)

18



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

January 14, 2015

John Morris #1431218
Wynne Unit, B4-1-04
810 FM 2821
Huntsville, TX  77349

RE: Your enclosed correspondence

Dear Mr. Morris:

The Court has received your recent correspondence. There is nothing pending in the Court of Criminal Appeals on your behalf.  We are therefore returning the enclosed correspondence for your convenience.

If you have any further questions or concerns, please direct them to the **District Clerk** in the county where you were convicted.

Sincerely,

Abel Acosta, Clerk

AA/vj
Enclosure

/9

EXHIBIT #6

ORDER:

TO DENY APPLICATION (1p)

TR.CT.NO. CR 2004-283-1 (10/21/15)

20

CAUSE NUMBER: CR2004-283-1

| | | |
|---|---|---|
| EX PARTE: | § | IN THE DISTRICT COURT |
| | § | |
| | § | COMAL COUNTY, TEXAS |
| | § | |
| John Edward Morris | § | 22nd JUDICIAL DISTRICT |

## ORDER TO DENY APPLICATION FOR WRIT OF HABEAS CORPUS

On this day was considered the Application for Post Conviction Writ of Habeas Corpus filed herein by the Applicant, and after reviewing the application, and the authority relied upon, it is the opinion of the Court that there are no previously unresolved facts material to the legality of the Applicant's confinement and that said Application be DENIED.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that no Writ of Habeas Corpus shall issue, no hearing conducted and no requested relief granted.

It is further ORDERED that the clerk forward a copy of the Application for Writ of Habeas Corpus and this ORDER to the Court of Criminal Appeals at Austin, Texas. In addition, the clerk is to mail a copy of the ORDER to the Applicant.

Signed: 1/21/15

JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct
copy of the record FILED & RECORDED
in the Official Court records of District
Court on this date and time stamped
thereon.

Heather N. Kellar
Comal County District Clerk
By:

EXHIBIT #7

CORRESPONDENCE:

COURT OF CRIM.APP./J.MORRIS (1p)

TR.CT.NO. CR 2004-283-1 (02/26/15)

22



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS

P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

February 26, 2015

John Morris #1431218
Ramsey Unit
1100 FM 655
Rosharon, TX 77583

RE: Trial Court Case #CR2004-283

Dear Mr. Morris:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the **District Clerk** in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/vj
Enclosure

23

EXHIBIT #8

OFFICIAL NOTICE:

COURT OF CRIM.APP./J.MORRIS (1p)

TR.CT.NO. CR 2004-283-1;

WR-78,184-02 (02/26/15)

24

(CONFORMED COPY)

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

0004279596   MAR 10 2015
MAILED FROM ZIP CODE 7801

2/26/2015
MORRIS, JOHN EDWARD   Tr.Ct.No. CR 2004-283-1          WR-78,184-02

On this day, the application for 11.07 Writ of Habeas Corpus has been received
and presented to the Court.

Abel Acosta, Clerk

JOHN EDWARD MORRIS
RAMSEY I UNIT - TDC #1431218
1100 FM 655
ROSHARON, TX 77583

AAWBS3B  77583          ''¡¹'' ||||||||||||||||||||||||||||||

25